# United State District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Judge James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 05 C 2940 | DATE | July 24, 2012 |
| CASE TITLE | VOTTA V. MARTEN TRANSPORT, LTD., et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is to make an election of whether to proceed on either of the two courses I have mentioned or any other procedure she may discover which might be of assistance to her. Plaintiff has five weeks from the date of this order to give such notice to the Court.

## STATEMENT

    This is a case that settled mid-trial. The factual disputes over the cause and nature of the injuries resulting from a low-speed vehicular collision were not resolved by verdict and the implicit fact finding that underlies a verdict. In fact, a general verdict might not resolve the factual issues presented by the motion to adjudicate a lien. The absence of factual clarity affects the resolution of adjudication of the lien.
    The plaintiff was working for the United States Postal Service in August, 2003 when a slow-moving truck rear-ended her vehicle. She suffered back injury--cervical and back strain--and sought compensation for disability arising from a work-related injury. Eventually, after examination by two physicians, the Office of Workers' Compensation ("OWCP") at the Department of Labor accepted the claim which, by then, included also a diagnosis of cervical spondylosis with myelopathy. In processing the claim, the OWCP consulted with a third physician who recommended authorization of a proposed surgery to treat a work-related condition. That surgery was performed. After all this was said and done, Lucretia Votta was paid $58,789 for lost wages and $58,369 for medical treatment including surgery.
    Federal law provides the right to reimbursement if plaintiff recovers from a third party. Under the law, I cannot "adjudicate" this lien as I would be able to do under state law. (Illinois has a statute governing medical liens). Federal regulations do provide for the plaintiff to retain some funds even when the amount of legally required reimbursement exceeds the amount of recovery from a third party. The plaintiff is allowed to keep funds to pay reasonable attorneys' fees and also to keep for personal use one-fifth of the recovery after expenses of the legal action have been deducted.
    There is a form for Plaintiff to fill out to determine the level of reimbursement to the Government. She has not completed the form. The United States did complete the form and concludes that Plaintiff must pay $20,478.49 in reimbursement.
    The complication presented in this case is the contention by Plaintiff that not all of her injuries are attributable to the collision. It is undenied that Lucretia Votta herself believes that all her injuries are attributable to the collision, but she is not qualified to offer her lay opinion as evidence. What she relies upon is the opinion of Dr. Sean A. Salehi, the orthopedic surgeon who performed a C5 corpectomy and an anterior cervical discectomy and fusion--the costs of which were paid for by the United States.
    Dr. Salehi testified at trial that the surgery was not related to the accident, only the cervical strain was so related. One difficulty for Plaintiff is that Dr. Salehi requested authorization of and payment for the surgery from OWCP on the basis that it was related to the injury sustained while she was working. Plaintiff's counsel have proceeded on the basis that Dr. Salehi's testimony is reliable, and the only medical costs associated with the work injury are those billed by the Joliet Medical Group which

Order Form Rev 06/2012)

treated the cervical strain (about $10,000).

The first barrier to the relief requested by Plaintiff is that it requires me to determine whether the Secretary of Labor made an error in determining the benefits due to Plaintiff. Judicial review of such determinations is barred by law. See *Czerkies v. U.S. Department of Labor,* 73 F.3d 1435 (7th Cir. 1996).

It is true that the doctrine which prevents judicial review of benefit determinations is intended to stop petitioners from going to court and asking for more benefits than they received. In this case the plaintiff is alleging that OWCP should have paid less, and so she is entitled to pay less of her recovery. The difference is theoretical because the government did not pay less and it is out-of-pocket and the funds it did pay are to the benefit of the plaintiff. In any event, there would be no occasion for this court to take any action at this point even if I had jurisdiction. This is so because there is an administrative remedy to address this problem. The plaintiff can refund to the OWCP the amounts paid for the surgery and amounts paid for wage loss or other disability. Once refund is made, the United States reports that OWCP would recalculate the refundable disbursements.

I could also find as a fact that the back surgery of 14 January 2004 is not related to the collision. If I do so, then OWCP would determine whether all of the compensation and medical benefits paid in the Federal Employees' Compensation Act are, in fact, overpaid since they were not related to the accident at work. If that determination were made, then Plaintiff would owe some or all of the approximately $117,000 paid for her benefit. This course of action could result in disastrous consequences for Plaintiff. In any event, the cost to Plaintiff of pursuing either of these courses may be substantial even if not disastrous. I do not know whether the plaintiff's cash assets are enough to pay the refund, nor do I know whether she can afford the possible legal fees that may be required as a result of either decision. Yet the decision is hers to make.

I therefore order Plaintiff to make an election of whether to proceed on either of the two courses I have mentioned or any other procedure she may discover which might be of assistance to her. The plaintiff shall inform the Court of her intention to proceed further. Plaintiff has five weeks from the date of this order to give such notice to the Court.

If no further proceeding is requested, I will thereafter deny the plaintiff's motion to adjudicate the Government's statutory right of reimbursement in this case.